## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

EDWARD B. HUBBUCH,

           Plaintiff,

*v.*

YOEL KOHN a/k/a JOEL KOHN,
788 FRANKLIN REALTY LLC, and
WATERMARK CAPITAL GROUP LLC,
individually and doing business as
SDA/WATERMARK CAPITAL MANAGEMENT,

           Defendants.

Case No.:  25-cv-04924-JMF-SLC

**AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, CREDIT DEFAMATION, FRAUDULENT MISREPRESENTATION, AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**[TRIAL BY JURY DEMANDED]**

## AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, CREDIT DEFAMATION, FRAUDULENT MISREPRESENTATION, AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

## I.  INTRODUCTION

1. Plaintiff Edward B. Hubbuch brings this civil action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and New York common law, asserting claims for credit defamation, fraudulent misrepresentation, and tortious interference with prospective economic advantage. This action seeks redress against Defendants YOEL KOHN a/k/a JOEL KOHN ("YOEL KOHN"), 788 FRANKLIN REALTY LLC ("788 FRANKLIN REALTY"), and WATERMARK CAPITAL GROUP LLC ("WATERMARK CAPITAL GROUP") for their deliberate and deceptive reporting of Plaintiff's

commercial lease obligations as a personal, mortgage-like consumer loan on Plaintiff's credit file—an unlawful maneuver that has caused Plaintiff severe financial harm and was part of a broader scheme by Defendants to circumvent New York City law.

2. In June 2020, during the height of the COVID-19 pandemic and amid an active ban on the enforcement of personal guaranties in commercial leases under N.Y.C. Admin. Code § 22-1005, Defendants pressured Plaintiff to provide personal identifying information—his Social Security Number ("SSN"), date of birth, and New York State driver's license—and to sign a Personal Guaranty ("PG"), even though both Plaintiff and Defendant YOEL KOHN knew the PG would be unenforceable under the newly changed law. Plaintiff signed in good faith, however, unaware that his personal identifiers would instead be used to fabricate a fake loan.

3. Shortly thereafter, Defendants used Plaintiff's personal identifiers to create a fraudulent consumer tradeline that deliberately mischaracterized the entirety of his eight-year commercial lease consisting of rent payments totaling $336,000 as a mortgage-like, personal installment "loan" of $336,000

allegedly owed to "SDA/WATERMARK CAPITAL MANAGEMENT"—a fictitious entity that, upon information and belief, is not formally registered in any jurisdiction. By reframing a lease as a mortgage-style debt, Defendants intentionally assumed Plaintiff's identity in order to create the false impression to TransUnion and other credit agencies that Plaintiff had personally borrowed $336,000 to finance his business premises, despite there being no such loan or credit relationship between Plaintiff and Defendants.

4.  Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL also deliberately obscured their identity and link to this fraudulent tradeline by listing the official business address of "SDA/WATERMARK CAPITAL MANAGEMENT" as 30 North Gould Street, Suite 22928, in Sheridan, Wyoming—a commercial dropbox widely recognized as a notorious international hub for fraudulent shell companies and corporate anonymity. Investigations by consumer protection authorities, journalists, and regulatory agencies have documented this address—which housed more than 54,000 anonymous LLCs through just a handful of registered agents working from this location as of August 2021—as a longstanding

international tool for fraudulent corporate operations designed to evade oversight from regulators and law enforcement.

5. Defendants' actions were not merely negligent but deliberate and calculated, designed to fabricate consumer debt, damage Plaintiff's credit profile, and obscure the true origin of the reporting. The deliberate use of this structure allowed Defendant YOEL KOHN to secretly position himself as a personal creditor in the event Plaintiff defaulted or filed bankruptcy, even though Plaintiff's PG with KOHN was legally void and no personal obligation lawfully existed.

6. In effect, Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP created a fraudulent workaround to the Guaranty Ban by weaponizing Plaintiff's credit report to simulate a mortgage-style loan obligation they could never have otherwise enforced through lawful means. This scheme later inflicted catastrophic harm to Plaintiff's financial standing, including repeated denial of credit, loss of business opportunities, and reputational injury.

7. As a direct consequence of the deliberately unlawful actions of Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP, Plaintiff has suffered significant financial harm, reputational injury, and emotional distress, including the closure of a second restaurant location in Manhattan, permanent loss of a key vendor relationship with a Manhattan-based food distributor, and the forced abandonment of a critical catering kitchen—also located in Manhattan—due to repeated financing denials directly caused by Defendants' fraudulent credit-reporting scheme.

8. Given the severity of these actions—including the fraudulent misuse of Plaintiff's SSN, date of birth, and New York State driver's license information in execution of identity theft, deceptive credit reporting, and improper tradeline furnishing—Plaintiff reserves the right to refer this matter to federal and state regulatory agencies, including the U.S. Consumer Financial Protection Bureau (CFPB), the Federal Trade Commission (FTC), the New York Attorney General's Office, as well as to law enforcement for further investigation into potential violations of federal fraud statutes.

## II.  JURISDICTION AND VENUE

9.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15
    U.S.C. § 1681p, as Plaintiff's claims arise under the Fair Credit Reporting
    Act (FCRA). The Court also has supplemental jurisdiction over Plaintiff's
    state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a
    substantial portion of the wrongful conduct and resulting harm occurred
    within the Southern District of New York. Specifically:

    • **Defendants' fraudulent credit reporting targeted financial
      institutions headquartered in Manhattan, including banks and
      credit bureaus that relied on the false tradeline data;**

    • **Plaintiff suffered material financial harm within this District, as
      the inability to obtain loans and financing—caused by Defendants'
      wrongful reporting—forced Plaintiff to close a second restaurant
      location in Manhattan, suffer the permanent loss of a key vendor
      relationship with a Manhattan-based food distributor, and caused
      him to abandon a critical catering kitchen in Manhattan;** and

    • **The direct impact of Defendants' fraudulent tradeline affected
      Plaintiff's financial standing in the Southern District, where credit
      markets and commercial leasing decisions crucial to his business
      were centered.**

11. Although Plaintiff resides in Kings County, his financial losses, business closures, and reputational damage occurred in the Southern District, making it the proper venue for adjudicating these claims.

## III. PARTIES

12. Plaintiff Edward B. Hubbuch ("Plaintiff") is a natural person residing in Kings County, New York, and the sole owner and operator of Memphis Seoul, a restaurant located at 569 Lincoln Place, Store #3, in Brooklyn, New York.

13. Defendant YOEL KOHN a/k/a JOEL KOHN is an individual residing in the State of New York. Upon information and belief, KOHN is a founding partner of WATERMARK CAPITAL GROUP LLC along with fellow founding partners Wolfe Landau and David Tabak. Upon information and belief, YOEL KOHN also is the principal owner and controlling member of 788 FRANKLIN REALTY LLC.

14. Defendant 788 FRANKLIN REALTY LLC is a New York limited liability company with its principal place of business officially listed as 543 Bedford Avenue, Suite 264, in Brooklyn, New York, but which in reality is a commercial mailbox without any identifiable physical office space.

15. Defendant WATERMARK CAPITAL GROUP LLC ("WATERMARK CAPITAL GROUP"), individually and doing business as "SDA/

WATERMARK CAPITAL MANAGEMENT," is a New York limited liability company with its principal place of business officially listed as 185 Marcy Avenue, Suite 304, in Brooklyn, New York. Upon information and belief, WATERMARK CAPITAL GROUP, under the direction of founding partner YOEL KOHN, deliberately concocted the fictitious and unregistered name "SDA/WATERMARK CAPITAL MANAGEMENT" to fraudulently furnish tradeline data to consumer credit bureaus, misrepresenting Plaintiff's commercial lease as a personal, mortgage-like consumer loan while concealing the true identity and business purpose of the entity.

16. The false tradeline appearing on Plaintiff's consumer credit reports under the name "SDA/WATERMARK CAPITAL MANAGEMENT" lists its official business address as 30 North Gould Street, No. 22928 in Sheridan, Wyoming—a commercial mailbox facility widely linked to fraudulent shell companies. Consumer protection authorities, investigative journalists, and regulatory agencies—including the Better Business Bureau, the Wyoming Attorney General's Office, and *The Sheridan* (Wyoming) *Press*—have documented this location as a decades-long, international hub for corporate anonymity, deception, and regulatory evasion.

## IV.  FACTUAL ALLEGATIONS

### A.     Plaintiff's Personal Information Obtained Under False Pretenses

17. On or about July 1, 2020, Plaintiff Edward B. Hubbuch entered into a commercial lease with Defendants YOEL KOHN and 788 FRANKLIN REALTY for the premises at 569 Lincoln Place, Store #3, in Brooklyn, New York. (*A true and correct copy of Plaintiff's lease and accompanying documents is annexed hereto as* ***Exhibit A***)

18. This lease was strictly for commercial purposes—to operate Plaintiff's quick-service restaurant, Memphis Seoul—and contained no provisions authorizing consumer credit reporting, personal loan agreements, or enforcement by a third-party credit servicer.

### B.     Misrepresentation of the Personal Guaranty as a Routine but Necessary Document

19. At the time Plaintiff entered into the lease, he was aware through news reports that the New York City Council had recently enacted N.Y.C. Admin. Code § 22-1005 (Local Law 55 of 2020), which rendered personal

guaranties in commercial leases permanently unenforceable if—as was the case with Plaintiff—the lease was signed or defaulted upon between March 7, 2020, and June 30, 2021. Plaintiff understood this law had been passed to protect small business owners from pandemic-related personal liability and had eagerly followed its development.

20. On or about June 26, 2020—just days before Plaintiff's lease with Defendants YOEL KOHN and 788 FRANKLIN REALTY commenced— Defendant YOEL KOHN's agent presented Plaintiff at the signing of his lease with a separate Personal Guaranty ("PG"). When Plaintiff expressed reluctance and noted that personal guaranties had been legally barred during the ongoing pandemic, KOHN's agent assured him that the document was "no big deal" and only necessary "for record-keeping purposes." However, Defendants' agent also informed Plaintiff that Defendants would not allow his lease to proceed without Plaintiff's signed PG, which also included his personal details.

21. Relying on that assurance—and believing the document had no legal force or risk due to the city's Guaranty Ban—Plaintiff signed the PG and, as

requested, provided his Social Security Number ("SSN"), date of birth, and a copy of his New York State driver's license. (*A true and correct copy of the Guaranty, with Plaintiff's personal identifying information redacted, is annexed hereto as __Exhibit B__*)

22. Unknown to Plaintiff, Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP would later misuse Plaintiff's personal information to fabricate a fraudulent consumer tradeline falsely implying that Plaintiff had taken out a mortgage-style consumer loan rather than entered into a standard commercial lease.

23. In 2024, the U.S. Court of Appeals for the Second Circuit reaffirmed that New York City's Guaranty Ban from March 2020 to June 2021 had been constitutional and that landlord enforcement rights under any PG executed during this protected period had been permanently extinguished. (See *Bochner v. City of New York*, 118 F.4th 505 [2d Cir. 2024]; and *Melendez v. City of New York*, 16 F.4th 992 [2d Cir. 2021]). Thus, Plaintiff's PG with Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK

CAPITAL GROUP—signed in June 2020—is now permanently void and unenforceable as a matter of law.

24. The misrepresentation by Defendants in June 2020 that Plaintiff's PG was meaningless and purely administrative was in fact, a nefarious pretext. Defendants then used the document and Plaintiff's personal identifiers to simulate a personal loan tradeline in his name, with the intent to later enforce a disguised version of the lease obligation through credit reporting pressure.

### C.    The Fraudulent Credit Reporting Scheme

25. Beginning in or around July 2020, Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP knowingly and willfully furnished false tradeline data to TransUnion and other credit agencies that mischaracterized Plaintiff as a borrower on a mortgage-like, consumer loan allegedly owed to "SDA/WATERMARK CAPITAL MANAGEMENT," with an account number designated only as "CBD."

26. This tradeline wrongfully appeared on Plaintiff's personal credit reports as a "Loan" with the description "Loan Type - RENTAL AGREEMENT" despite

there being no loan, no consumer credit transaction, and no agreement authorizing Defendants to report on Plaintiff's personal credit file.

27. Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP structured the tradeline to falsely resemble a personal mortgage or installment loan, in an apparent attempt to circumvent the unenforceability of the commercial lease PG. By doing so, Defendants made it appear as if Plaintiff had incurred a mortgage-like, $336,000 personal credit obligation, when in reality this sum represented the total value of Plaintiff's eight-year commercial lease.

28. On June 11, 2025, Plaintiff's TransUnion credit file showed a loan delinquincy exceeding $10,000 that had been reported to TransUnion and other credit agencies in February 2025 by "SDA/WATERMARK CAPITAL MANAGEMENT." The alleged loan delinquincy—which matched Plaintiff's rental arrears at the time—was still falsely listed in June 2025 as more than 120 days overdue, even though Plaintiff was not in rental arrears in June 2025. Both the tradeline in general and this ongoing false report of loan delinquincy in particular continues to harm Plaintiff's creditworthiness

and business operations. (*A true, correct, and annotated copy of this tradeline from Plaintiff's personal TransUnion credit report for June 11, 2025, is annexed hereto as __Exhibit C__*)

29. The fraudulent intent and nature of this tradeline taken out by Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP is further evidenced by the irregular formatting of the account name and number. "SDA/WATERMARK CAPITAL MANAGEMENT" is not, upon information and belief, a registered entity in any jurisdiction, and the account number designated only as "CBD" is highly unusual, suggesting an effort by Defendants to conceal the origin of the reporting entity and evade scrutiny.

30. Also evidencing the tradeline's fraudulent nature is that other commercial tenants of Defendant YOEL KOHN who signed leases after the expiration of the Guaranty Ban in 2021 do not appear to have any tradelines similar to Plaintiff's with "SDA/WATERMARK CAPITAL MANAGEMENT." For example, the co-owners of a neighboring restaurant in the same building as Plaintiff who signed their lease and PGs in December 2021—almost six

months after the city's Guaranty ban had been lifted—confirmed to Plaintiff

that no such "SDA/WATERMARK CAPITAL MANAGEMENT" account

appears on their respective personal credit reports.

31. This confirms that the false credit tradeline was not routine but was

selectively and intentionally used against commercial tenants who signed

during the Guaranty ban period between March 2020 and June 2021, when

Defendants YOEL KOHN and WATERMARK CAPITAL GROUP could not

legally collect from them directly.

32. Plaintiff never authorized this tradeline, never signed a loan agreement, and

never consented to having his lease obligations reclassified or reported as

consumer debt. Defendants' conduct violates the Fair Credit Reporting Act,

New York Penal Law § 190.78 (Identity Theft), and the common law of

fraudulent misrepresentation.

### D.   Defendant's Use of a Notorious Wyoming Shell Address to Conceal Fraudulent Activity

33.  Upon information and belief, Defendant WATERMARK CAPITAL GROUP is controlled by Defendant YOEL KOHN and operates in conjunction with or direct ownership of Defendant 788 FRANKLIN REALTY.

34.  The Wyoming address associated with the fraudulent credit tradeline—30 North Gould Street, Suite 22928, in Sheridan, Wyoming—is widely recognized as a commercial mailbox facility used by fraudulent shell companies. This address has been flagged by the Better Business Bureau, the Wyoming Attorney General's Office, and multiple investigative journalists for its role for more than a decade in housing thousands of anonymous corporate entities around the world that are engaged in financial deception, regulatory evasion, and fraud. (*A true and correct copy of an August 6, 2021, article by The Sheridan [Wyoming] Press detailing this controversy is annexed hereto as **Exhibit D***)

35.  The deliberate use by Defendants YOEL KOHN and WATERMARK CAPITAL GROUP of a remote dropbox nearly 2,000 miles from their actual business operations in Brooklyn, New York—especially one internationally

notorious for corporate fraud—strongly indicates intent to deceive Plaintiff and evade accountability.

36. The placement of a fabricated credit tradeline under a fictitious entity name using a Wyoming shell address by Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP constitutes a deceptive trade practice, fraudulent credit reporting, and evidence of willful misconduct under 15 U.S.C. § 1681n.

## E.    **Plaintiff's Financial Harm and Severe Consequences**

37. Plaintiff first discovered the fraudulent "SDA/WATERMARK CAPITAL MANAGEMENT" tradeline in early 2025, confirming through an analysis of his TransUnion credit report that Defendants had continuously reported this nonexistent, mortgage-like "loan" since the inception of his lease five years earlier.

38. Neither the lease agreement nor any associated documents contained provisions authorizing this fraudulent credit reporting. Defendants' use of Plaintiff's SSN, date of birth, and his New York State driver's license

information to fabricate a consumer loan tradeline was done knowingly, intentionally, and without legal basis.

39. As a direct result of this unlawful conduct, Plaintiff has suffered:

- **A severely reduced credit score, impeding access to financing and business operations;**

- **Repeated denials of credit, loans, and refinancing, making expansion and financial management impossible;**

- **Increased interest rates, imposing additional financial burdens;**

- **Loss of financing opportunities, including the forced closure of Plaintiff's second restaurant location in Manhattan, the permanent loss of a key vendor relationship with a Manhattan-based food distributor, and abandonment of a commercial catering kitchen in Manhattan due to credit restrictions directly caused by Defendants' fraudulent reporting;** and

- **Severe reputational damage and emotional distress, stemming from the prolonged and unlawful credit defamation**.

40. Defendants' conduct was knowing, willful, intentional, deceptive, and malicious, constituting federal statutory violations under the Fair Credit Reporting Act (15 U.S.C. § 1681n, § 1681s-2), identity theft under New York Penal Law § 190.78, fraudulent misrepresentation, and common-law fraud.

# V.  CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (15 U.S.C. § 1681s-2[a])
### (AGAINST ALL DEFENDANTS)

41.  Plaintiff repeats and realleges all prior paragraphs.

42.  Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP knowingly and willfully misrepresented a $336,000 commercial lease as a personal consumer loan in Plaintiff's name, without his consent or legal justification. This false tradeline was deliberately structured to simulate a residential mortgage, thereby undermining Plaintiff's credit and violating the FCRA's accuracy and furnishing provisions.

43.  Defendants furnished this fraudulent tradeline to credit bureaus with actual knowledge that no such consumer loan existed and that Plaintiff's commercial lease was not reportable as personal debt. Defendants' conduct caused Plaintiff substantial financial harm, credit denial, and reputational damage, and was carried out with intent to manipulate credit markets and conceal their identity.

44. Plaintiff seeks statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o, as well as injunctive relief requiring the permanent deletion of the unlawful tradeline.

## **SECOND CAUSE OF ACTION**

### **CREDIT DEFAMATION**
### **(AGAINST ALL DEFENDANTS)**

45.  Plaintiff repeats and realleges all prior paragraphs.

46.  Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK
     CAPITAL GROUP knowingly published false and damaging credit
     information, falsely characterizing a commercial lease as a mortgage-like,
     $336,000 personal loan on Plaintiff's consumer credit file.

47.  Defendants acted with actual malice and reckless disregard for the truth,
     using Plaintiff's personal information without consent to construct a
     fictitious debt relationship.

48.  This false reporting directly caused denials of credit and financing
     opportunities essential to Plaintiff's business operations, and severely
     damaged his reputation.

49.  Plaintiff is entitled to damages for credit defamation, including reputational
     injury and punitive relief for the malicious and deceptive nature of
     Defendants' actions.

## **THIRD CAUSE OF ACTION**

### **FRAUDULENT MISREPRESENTATION**
### **(AGAINST ALL DEFENDANTS)**

50.  Plaintiff repeats and realleges all prior paragraphs.

51.  Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK
     CAPITAL GROUP intentionally misrepresented the purpose of the PG to
     Plaintiff in June 2020, knowing that personal guaranties were unenforceable
     at the time under N.Y.C. Admin. Code § 22-1005.

52.  Defendants deliberately induced the signing of that document in order to
     extract Plaintiff's personal identifiers under false pretenses, then
     misappropriated those personal identifiers to fabricate a false consumer
     tradeline.

53.  Defendants knew Plaintiff had no knowledge of or intent to enter into any
     personal, mortgage-like consumer loan, and they acted with the intent to
     harm and mislead financial institutions and credit bureaus. Plaintiff relied on
     Defendants' misrepresentation and was injured as a direct result. As a direct
     result, Plaintiff is entitled to compensatory and punitive damages.

## **FOURTH CAUSE OF ACTION**

### **TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (AGAINST ALL DEFENDANTS)**

54.  Plaintiff repeats and realleges all prior paragraphs.

55.  Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP intentionally interfered with Plaintiff's ongoing relationships with vendors, financial institutions, and commercial clients by falsely reporting a nonexistent loan.

56.  Defendants' wrongful conduct foreseeably and proximately resulted in lost financing opportunities, increased credit costs, and denial of critical business expansion paths.

57.  Plaintiff's lost opportunities—totaling more than $1,000,000—were a direct consequence of Defendants' deliberate misreporting and concealment.

# VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands that this Court enter judgment against Defendants YOEL KOHN a/k/a JOEL KOHN, 788 FRANKLIN REALTY LLC, and WATERMARK CAPITAL GROUP LLC, individually and doing business as "SDA/WATERMARK CAPITAL MANAGEMENT," as follows:

1. **Statutory damages under 15 U.S.C. § 1681n(a), up to $1,000 per violation;**

2. **Actual damages for financial loss, lost business opportunities, reputational harm, and emotional distress in excess of $1,000,000;**

3. **Punitive damages for Defendants' intentional and fraudulent conduct;**

4. **Injunctive relief requiring the deletion of the unlawful tradeline from Plaintiff's consumer credit reports;**

5. **Referral of this matter to the Consumer Financial Protection Bureau (CFPB), Federal Trade Commission (FTC), and to law enforcement for further investigation into Defendants' actions, including potential violations of federal and state fraud statutes;** and

6. **Such other and further relief as this Court deems just and proper.**

## VII.  PLAINTIFF'S PUNITIVE DAMAGES JUSTIFICATION

The conduct of Defendants YOEL KOHN, 788 FRANKLIN REALTY, and WATERMARK CAPITAL GROUP was calculated, concealed, and executed with intent to defraud. KOHN deliberately exploited pandemic-era legal protections for commercial tenants by creating a fictitious personal credit obligation under a shell entity name. By reporting the lease as a $336,000 "loan," he simulated a residential mortgage and imposed fraudulent personal liability on Plaintiff, in direct violation of both state and federal law. This was not an isolated mistake—it was a deliberate, secretive, and sophisticated workaround to nullify consumer protections and enrich the Defendants.

Punitive damages are warranted under 15 U.S.C. § 1681n(a)(2) to deter this conduct and punish its deliberate execution. Given the malicious, fraudulent, and highly deceptive nature of Defendants' actions, Plaintiff also seeks punitive damages sufficient to deter future misconduct and to hold Defendants accountable for their willful violations of the Fair Credit Reporting Act (15 U.S.C. § 1681n), fraudulent misrepresentation, and identity theft under New York Penal Law § 190.78.

Dated: June 20, 2025
New York, New York

Respectfully submitted,

EDWARD B. HUBBUCH
394 Lincoln Place #A5
Brooklyn, N.Y. 11238
bhubbuch@gmail.com
(646) 544-7597

*Pro se*