UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EDWARD B. HUBBUCH,<br><br>                              Plaintiff,<br><br>        -v-<br><br>YOEL KOHN a/k/a JOEL KOHN, <u>et</u> <u>al.</u>,<br><br>                              Defendants. | |

CIVIL ACTION NO. 25 Civ. 4924 (JMF) (SLC)

**<u>ORDER</u>**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. <u>INTRODUCTION</u>

On February 9, 2026, <u>pro</u> <u>se</u> Plaintiff Edward B. Hubbuch ("Mr. Hubbuch") filed a letter motion to compel Defendants Yoel Kohn a/k/a Joel Kohn, 788 Franklin Realty LLC, and Watermark Capital Group LLC, individually and a/k/a SDA/Watermark Capital Management (together, "Defendants") to: (i) clarify whether nonparties Wolfe Landau ("Wolfe") and Chaskel Landau (a/k/a Chesky Landau) ("Chaskel") are the same person or two separate people; and (ii) provide the current service addresses for nonparties Meir D. Tabak (a/k/a David Tabak) ("Meir"), Wolfe, and Chaskel. (Dkt. No. 111 (the "Motion")). For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II. <u>BACKGROUND</u>

On February 3, 2026, the Pro Se Intake Office issued subpoenas (the "Subpoenas") to Mr. Hubbuch for nonparties Meir, Wolfe, and Chaskel (together, the "Recipients"). (Dkt. Entries dated Feb. 3, 2026). On February 4, 2026, the Court ordered Mr. Hubbuch to file proof of service of the Subpoenas on the Recipients by February 18, 2026. (Dkt. No. 108). On February 9, 2026,

Mr. Hubbuch filed the Motion in which Mr. Hubbuch stated, "[d]espite diligent efforts, I have been unable to obtain reliable service information for the[] [Recipients]" and that Defendants have not adequately responded to Mr. Hubbuch's discovery requests seeking clarification on whether Wolfe and Chaskel are one person or two. (Dkt. No. 111). Accordingly, Mr. Hubbuch requested that the Court direct Defendants to: (i) clarify whether Wolfe and Chaskel are one person or two (the "Landau Request"); (ii) provide service addresses for the Recipients (the "Address Request"); and (iii) extend the February 18, 2026 deadline to file proof of service of the Subpoenas. (Dkt. No. 111). On February 9, 2026, the Court ordered Defendants to file a response to the Motion and extended Mr. Hubbuch's deadline to file proof of service of the Subpoenas sine die. (Dkt. No. 112 (the Feb. 9 Order")).[1] On February 11, 2026, Defendants responded to the Motion. (Dkt. No. 114 (the "Response")). That same day, Mr. Hubbuch filed a reply. (Dkt. No. 115 (the "Reply")).

### A. The Landau Request

With respect to the Landau Request, Mr. Hubbuch previously served Defendants with requests for admissions ("RFAs"), including a request that Defendants clarify whether Wolfe and Chaskel are the same person. (Dkt. No. 111-1 at 7 ¶ 32). Defendants responded to this request by stating that they "[l]ack[] knowledge sufficient to form a belief as [Wolfe and/or Chaskel] are not [part(ies)] to this action and as reasonable inquiries into the books and records of WATERMARK CAPITAL MANAGEMENT LLC do not have any information to respond to this

---

[1] Mr. Hubbuch states in the Reply (defined below) that the Court ordered Defendants "to provide a service address" for the Recipients and further ordered Defendants to respond to the Landau Request. (Dkt. No. 115 at 2). The Court notes that the Feb. 9 Order did not grant the Motion, nor did it compel Defendants to provide any information to Mr. Hubbuch. (Dkt. No. 111). The Feb. 9 Order merely ordered Defendants to file a response to the Motion. (Id.)

demand." (Dkt. No. 111-1 at 7 ¶ 32). Mr. Hubbuch believes Defendant's RFA response "reflect[s] uncertainty or evasiveness regarding the identity of these individuals." (Dkt. No. 111 at 1). In the Response, Defendants state that they "do not represent [Meir] or [Wolfe and/or Chaskel]," cannot accept service on their behalf, and have produced documents responsive to Mr. Hubbuch's discovery request "to the extent they exist in Defendants' possession, custody, or control[.]" (Dkt. No. 114 at 1).

Federal Rule of Civil Procedure 26 governs the parties' discovery obligations. See Fed. R. Civ. P. 26. Specifically, the party, or party's counsel, must certify that "to the best of [their] knowledge, information, and belief formed after a reasonable inquiry: [] a disclosure [] is complete and correct as of the time it is made[.]" Fed. R. Civ. P. 26(g)(1). "[U]nder Rule 26(g), attorneys may rely on the representations of their clients, so long as they have made a reasonable inquiry to verify the information . . ." Taylor v. City of New York, 16 Civ. 1143 (GHW), 2024 WL 342354, at *1 (S.D.N.Y. Jan. 30, 2024); Quinby v. WestLB AG, No. 04 Civ. 7406 (WHP) (HBP), 2005 WL 3453908, at *4 (S.D.N.Y. Dec. 15, 2005) ("Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances.").

Here, Defendants' counsel has represented that Defendants have produced responsive documents to Mr. Hubbuch's discovery requests to the extent they exist in Defendant's possession custody, or control (Dkt. No. 114 at 1); that he does not represent Wolfe or Chaskel, (Dkt. No. 114 at 1); and, still, notwithstanding the foregoing, conducted "reasonable inquiries" into whether Wolfe and Chaskel are the same person. (Dkt. No. 111-1 at 7 ¶ 32). Accordingly, the Court finds that Defendants' counsel has made a "reasonable inquiry" into the identity of Wolfe and/or Chaskel but pursuant to his representation, (Dkt. No. 111-1 at 7 ¶ 32), lacks

knowledge sufficient to respond to the Landau Request.  The Landau Request is therefore **DENIED**, and Defendants are not required to clarify in response to the Landau Request whether Wolfe and Chaskel are the same person, without prejudice to Mr. Hubbuch's ability to explore Wolfe and/or Chaskel's identity in depositions.

### B.  The Address Request

With respect to the Address Request, Mr. Hubbuch requests that the Court compel Defendants to provide service addresses for the Recipients for Mr. Hubbuch to serve the Subpoenas.  (Dkt. No. 111).  In response, Defendants state that they do not represent the Recipients and, therefore, cannot accept service on their behalf, and should not be compelled to investigate, certify, or disclose non-party personal address information.  (Dkt. No. 114 at 1).  Notwithstanding and without waiving their objection, however, Defendants provided in the Response the last known business address for Meir — 573 Bedford Avenue #264, Brooklyn, NY (the "Brooklyn Address").  (Dkt. No. 114 at 2).  In the Reply, Mr. Hubbuch states that the Brooklyn Address is a "private mailbox at a commercial mail receiving agency" and, thus, renews his request for a physical office or residential address for all the Recipients.  (Dkt. No. 115 at 1).

### 1.  Meir

In light of the fact that Defendants already provided the Brooklyn Address, which they state is the "last known business address" for Meir, (Dkt. No. 114 at 2), the Address Request with respect to Meir is **DENIED**.  Defendants are not required to provide any further addresses for Meir.

4

### 2. <u>Wolfe and Chaskel</u>

With respect to the Address Request insofar as it requests physical addresses for Wolfe and Chaskel, Defendants have not established that they have conducted a "reasonable inquiry" into the addresses for Wolfe and Chaskel.  (Dkt. No. 114).  Accordingly, the Address Request with respect to Wolfe and Chaskel is **GRANTED**.  On or before **February 17, 2026**, Defendants shall provide Mr. Hubbuch with the last known address or counsel contact information for Wolfe and Chaskel.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the Motion is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of Court is respectfully directed to close Dkt. No. 111.

Dated:      New York, New York
            February 12, 2026

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

5