UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD B. HUBBUCH,

                            Plaintiff,

        -v-                                                    CIVIL ACTION NO. 25 Civ. 4924 (JMF) (SLC)

                                                                                    **ORDER**

YOEL KOHN a/k/a JOEL KOHN, et al.,

                            Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

On March 16, 2026, pro se Plaintiff Edward B. Hubbuch ("Mr. Hubbuch") filed two letter motions for a discovery conference concerning his non-party subpoenas (the "Subpoenas") to Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker"), and TransUnion Interactive, Inc. ("TransUnion") (together, the "Recipients").  (Dkt. No. 134–134-3 (the "Baker Motion"); 135–135-2 (the "TransUnion Motion") (together, the "Motions")).  In support of the Motions, Mr. Hubbuch also filed, inter alia, copies of the Subpoenas and email correspondence with the Recipients' counsel confirming that the Recipients received notice of the Subpoenas. (Dkt. Nos. 134-1 (the "Baker Subpoena"); 134-2; 135-1 (the "TransUnion Subpoena"); 135-2).

In the Baker Motion, Mr. Hubbuch discusses his proposal to narrow the scope of the Baker Subpoena to "three, core, non-privileged categories:  (1) engagement letters identifying the clients represented in the FHJC v. Watermark Capital Group LLC, et al. EDNY action; (2) billing records showing which entity paid the firm's fees; and (3) foundational corporate documents establishing the structure of Watermark Capital Group LLC."  (Dkt. No. 134 at 2).  Mr. Hubbuch states that Baker has not yet responded to this proposal.  (Id.)

In the TransUnion Motion, Mr. Hubbuch states that TransUnion "served objections (the "Objections") to [the TransUnion Subpoena]." (Dkt. No. 135 at 2).  In response to the Objections, Mr. Hubbuch asked TransUnion to "clarify which entity maintains the records and offered to narrow the requests significantly to focus only on: (1) [Mr. Hubbuch's] credit file; (2) investigation files; (3) tradeline metadata for the accounts reported by Defendants; and (4) FCRA compliance records." (Id.)  Mr. Hubbuch states that TransUnion has not yet responded to this proposal.  (Id.)

Upon review of the Motions, however, it appears that Mr. Hubbuch has not filed proof of service of the Motions on the Recipients.  (See Dkt. Nos. 134–35).  Accordingly, on or before **March 20, 2026**, Mr. Hubbuch shall file proof of service of the Motions on the respective Recipients, and this Order on both Recipients.  On or before **April 7, 2026**, the Recipients shall file a response to their respective Motion, particularly responding to Mr. Hubbuch's proposals to narrow the Subpoenas.

Dated:     New York, New York
           March 17, 2026

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**

2