Law Offices of
# A N D R E W  M.  T I L E M, E S Q.
228 MONTROSE AVENUE - BROOKLYN, NEW YORK 11206
TEL: (718) 497-2552 - FAX: (718) 497-1146

March 23, 2026

**VIA ECF**

Chambers of the Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> The Court is in receipt of Defendants' motion to stay this action, (Dkt. No. 140 (the "Motion")), and Plaintiff's response.  (Dkt. No. 141 (the "Response")).  The parties shall be prepared to discuss the Motion and the Response at the previously scheduled **in-person** case management conference on **April 14, 2026 at 2:00 p.m. ET**.  (Dkt. No. 126 at 2).
>
> In the meantime, discovery is **not** stayed and the parties are directed to proceed according to the existing discovery deadlines set forth in the Court's Order at Dkt. No. 126.
>
> SO ORDERED.    March 25, 2026
>
> _____
> SARAH L. CAVE
> United States Magistrate Judge

Re: Hubbuch v Kohn, et al,. Case Number:25-CV-4924
Letter Motion Requesting Stay

Dear Judge Cave:

   We represent Defendants Yoel Kohn a/k/a Joel Kohn, 788 Franklin Realty, LLC, and Watermark Capital Management s/h/a Watermark Capital in the above-captioned action. Defendants respectfully request a temporary stay of this action for thirty (30) days so that the Defendants may finalize a settlement with Funding Metrics LLC, the entity that now owns the interests,  claims, causes of action and settlement authority of Plaintiff Edward B. Hubbuch  and Memphis Seoul, LLC for the claims asserted in this proceeding. Specifically, Defendants Yoel Kohn a/k/a Joel Kohn, 788 Franklin Realty, LLC, and Watermark Capital Management s/h/a Watermark Capital have negotiated the material terms of a settlement and require a brief stay to reduce those terms to a final written agreement, to pay the settlement proceeds and to obtain general release from Funding Metrics LLC on behalf of the Plaintiff.

   By way of background, in Edward Hubbuch v. Funding Metrics, LLC, Index No. 533031/2024, pending in the Supreme Court of the State of New York, Kings County, Funding Metrics LLC obtained two (2) judgments against Edward B. Hubbuch and Memphis Seoul, LLC in the amounts  of $75,637.09 and $ $24.018.55. [attached]

   Thereafter, by order entered on March 18, 2026, in response to Funding Metrics LLC's turnover application, the Kings County Supreme Court ruled that "all right, title, and ownership interest" of Edward B. Hubbuch and Memphis Seoul LLC in the claims and causes of action asserted, or that could be asserted, in this federal action, including any monetary recoveries or settlements arising therefrom, were transferred to Funding Metrics LLC, and that Hubbuch's and Memphis Seoul LLC's ownership interests in those claims were extinguished as of the date of that order. [attached]

1

In light of that order, the state court has already determined that the ownership interests in the claims and any related recovery in this federal action have been transferred to Funding Metrics LLC. Continued litigation in the interim, before the settlement with Funding Metrics LLC is fully reduced to writing, would impose substantial and unnecessary litigation costs upon Defendants and needlessly expend the resources of the Court, even though the material terms of settlement have already been negotiated.

The Court has broad discretion to stay proceedings as part of its inherent authority to control its docket "with economy of time and effort for itself, for counsel, and for litigants." *Levin v. HSBC Bank USA, N.A. (In re HSBC Bank USA, N.A.)*, 99 F. Supp. 3d 288, 314-15 (S.D.N.Y. 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

In addition, to the extent this Court is asked to disregard or effectively undermine the Kings County order transferring ownership of these claims, principles reflected in the Rooker-Feldman doctrine, 28 USC section 1257 or 28 USC section 1738 counsel restraint. See *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195 (2d Cir. 1996); *Murray v. Cuomo*, 460 F.3d 430 (SDNY 2020). Defendants respectfully submit that the state-court order should be given effect while the parties finalize their resolution with Funding Metrics LLC.

Accordingly, Defendants respectfully request that the Court stay this action for thirty (30) days, adjourn all pending deadlines during that period, and direct the parties to submit a joint status letter at the conclusion of the stay advising the Court whether settlement documentation has been completed.

Provided that such settlement is finalized between Defendants and Funding Metrics LLC, a general release of all claims will be executed and Defendants will move to dismiss this action based upon the general release and the principles of res judicata.

We thank the Court for its time and consideration.

Respectfully submitted,

Very Truly Yours,

ANDREW M. TILEM

2