UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD B. HUBBUCH,

                              Plaintiff,

    -v-

                                                          CIVIL ACTION NO. 25 Civ. 4924 (JMF) (SLC)

                                                          **ORDER**

YOEL KOHN a/k/a JOEL KOHN, et al.,

                              Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

The Court held an in-person case management conference on April 14, 2026 (the "Conference") to discuss various discovery issues, along with (i) pro se Plaintiff Edward B. Hubbuch's ("Mr. Hubbuch") motions concerning his non-party subpoenas to Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker") (Dkt. Nos. 134–134-3 (the "Baker Motion")), and TransUnion Interactive, Inc. ("TransUnion") (Dkt. Nos. 135–135-2 (the "TransUnion Motion"); (ii) non-party Chesky Landau's ("Mr. Landau") motion to quash (Dkt. No. 152 (the "Landau Motion to Quash," together, with the Baker Motion and TransUnion Motion, the "Subpoena Motions")); and (iii) the motion to stay filed by Defendants Yoel Kohn a/k/a Joel Kohn, 788 Franklin Realty LLC, and Watermark Capital Group LLC, individually a/k/a SDA/Watermark Capital Management (together, "Defendants").    (Dkt. No. 140 (the "Motion to Stay")).

By **April 17, 2026**, Defendants shall order a copy of the Conference transcript using the annexed form.  The Court further **ORDERS** the following:

### I.    The Motion to Stay

As stated in the Motion to Stay, and as discussed at the Conference, there is currently a pending state court action captioned Edward B. Hubbuch v. Funding Metrics LLC in the Supreme Court of the State of New York, Kings County, Index No. 533031/2024 (the "State Court Action"), in which Funding Metrics LLC, which is not a party in this action, obtained two judgments (the "Judgments") against Mr. Hubbuch and Memphis Seoul LLC, which is also not a party in this action.  (Dkt. No. 140 at 1).  In the State Court Action, the Honorable Gina Abadi entered an Order dated March 18, 2026 finding that "all claims and causes of action . . . asserted by [Mr. Hubbuch] or Memphis Seoul, LLC or that could be asserted by them" in this action and others "are transferred to Funding Metrics, LLC" and that "[Mr. Hubbuch's] and Memphis Seoul, LLC['s] right, title, and ownership interests in the foregoing claims is extinguished as of the date of this Order[.]"  (Dkt. No. 140 at 3–4 (the "State Court Order")).  Defendants argue that in light of the State Court Order, this action should be stayed.  (Dkt. No. 140 at 1–2).  At the Conference, the parties indicated that Mr. Hubbuch has filed a motion to reargue the State Court Order, for which there is a hearing scheduled for April 22, 2026 (the "Reargument Hearing").

Accordingly, by **April 30, 2026**, the parties shall file a joint letter advising the Court of the status of State Court Action following the Reargument Hearing.  In the meantime, the Motion to Stay is **HELD IN ABEYANCE.**  The Court clarifies that this action is not stayed and the parties shall continue to meet and confer concerning discovery between themselves.

### II.    The Subpoena Motions

As discussed at the Conference, Mr. Hubbuch has served nonparty subpoenas on Baker (the "Baker Subpoena"), TransUnion (the "TransUnion Subpoena"), and Mr. Landau (the "Landau

Subpoena," together, the "Subpoenas")).  On March 16, 2026, Mr. Hubbuch filed the Baker Motion and TransUnion Motion in response to the objections Mr. Hubbuch received from Baker and TransUnion.  (Dkt. Nos. 134–135).  On April 7, 2026, Baker responded to the Baker Motion, and TransUnion responded to the TransUnion Motion.  (Dkt. Nos. 146; 150).  On April 13, 2026, in response to the Landau Subpoena, Mr. Landau filed the Landau Motion to Quash.  (Dkt. No. 152).

At the Conference, Plaintiff agreed to withdraw the TransUnion Subpoena.  Accordingly, the TransUnion Subpoena is **WITHDRAWN**, and the TransUnion Motion is **DENIED AS MOOT**.

Given that the Motion to Stay is held in abeyance pending resolution of the issues in the State Court Action, (see § I, supra), the Landau Motion to Quash and the Baker Motion are also **HELD IN ABEYANCE**.  Any obligations of Baker and/or Mr. Landau with respect to their respective Subpoenas are also held in abeyance pending further instructions from the Court.

The Clerk of Court is respectfully directed to close Dkt. No. 135.

Dated:     New York, New York
           April 14, 2026

                                        SO ORDERED.


                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Request for the production of a transcript from an electronic recording

Send one request per completed form to:

# etranscripts@nysd.uscourts.gov

Transcripts from an electronic record are generated by a Court Approved Transcriber, NOT the Southern District Court Reporters.  The transcript will be delivered to your office and you will be  invoiced directly by the transcriber. Submission of this form constitutes an agreement to pay for  the transcription services described herein. This form should not be submitted for the purpose of obtaining  a price estimate.
**NOTE:**  CJA requests require prior approval by submitting an Auth-24 document in the CJA eVoucher System. If granted, the attorney then submits the etranscripts order form (indicate CJA Request).
Upon notification from the transcriber, the attorney will create a CJA 24 Voucher in the eVoucher system.

Today's Date: _____

| Case Caption | |
|---|---|
| DOCKET NUMBER | DATE OF THE HEARING | JUDGE'S NAME |

## INDICATE  SERVICE:
(prices listed are per page)

| Daily $7.30 | 3 Day $6.55 | 7 Day $5.85 | 14 Day $5.10 | 30 Day $4.40 |
|---|---|---|---|---|

| Your Name | |
|---|---|
| Firm Name | |
| Address | |
| City, State | Zip Code |
| Telephone Number | |
| E-mail Address | |

| RESET | PRINT | SAVE | EMAIL |
|---|---|---|---|