UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>EDWARD B. HUBBUCH,<br><br>                      Plaintiff,<br><br>  -v-<br><br><br>YOEL KOHN a/k/a JOEL KOHN, <u>et</u> <u>al.</u>,<br><br>                Defendants.</td><td>CIVIL ACTION NO. 25 Civ. 4924 (JMF) (SLC)<br><br><u>**ORDER**</u></td></tr>
</table>

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Defendants'[1] request to stay this action pending a final decision in New York State Supreme Court, Kings County (the "State Court") in the action captioned <u>Edward B. Hubbuch v. Funding Metrics LLC</u>, Index No. 533031/2024 (the "State Court Action") regarding the application of Funding Metrics LLC ("Funding Metrics") to turnover "all right, title, and ownership interest" of Plaintiff Edward B. Hubbuch ("Mr. Hubbuch") and his restaurant, Memphis Seoul LLC in claims that Mr. Hubbuch has asserted or could assert in this action (the "Turnover Application").  (Dkt. Nos. 140; 161 (the "Request")).  On March 18, 2026, the State Court granted the Turnover Application, which Mr. Hubbuch moved to reargue.  (Dkt. No. 161 at 1–2, 7–8 (the "Turnover Order")).  After Mr. Hubbuch apparently did not appear at the hearing on his motion to reargue, the State Court denied his request, which Mr. Hubbuch is challenging by order to show cause (the "OTSC").  (Dkt. Nos. 161 at 1–2, 9–10; 162 at 1–2).  The OTSC remains pending before the State Court.  (Dkt. Nos. 161 at 2, 162 at 1).  Defendants contend that the

---

[1] Defendants are Yoel Kohn a/k/a Joel Kohn, 788 Franklin Realty LLC, and Watermark Capital Group LLC, individually and d/b/a SDA/Watermark Capital Management.  (Dkt. No. 61).

Turnover Order "remains operative" and has the "practical effect" of depriving Mr. Hubbuch of ownership over the claims and any remedies in this action. (Dkt. No. 161 at 2). Accordingly, Defendants ask the Court to stay this action "unless and until" the State Court vacates, stays, reverses, or otherwise modifies the Turnover Order. (Id.) Defendants note that the Honorable Pamela K. Chen has, based on the Turnover Order, stayed Mr. Hubbuch's claims in the action entitled Hubbuch v. Regions Fin. Corp., No. 25 Civ. 2724 (PKC) (TAM) (the "EDNY Action"). (Dkt. No. 161 at 5–6 (finding "it is in the interests of judicial economy and fairness to the parties to stay the proceedings pending resolution of the appeal" of the Turnover Order because "it is imperative that the proper interested parties be present and that there be no doubt as to [Mr. Hubbuch's] standing to prosecute his claims")).

Mr. Hubbuch opposes Defendants' Request. (Dkt. No. 162). First, he argues that his challenge to the Turnover Order is "stalled due to a procedural default — not any merits ruling" so it would be prejudicial to stay this action. (Id. at 1–2). Second, he notes that he is not asking this Court to invalidate the Turnover Order and that Funding Metrics has not filed any application to substitute in as a party in this action. (Id. at 2). Third, he argues that the EDNY Action is distinguishable because it is a putative class action in its "infancy," whereas discovery is underway in this action and Mr. Hubbuch is prepared to file a motion for summary judgment. (Id. at 2). Fourth, Mr. Hubbuch reiterates his concerns that Defendants have spoliated evidence relevant to his claims in this action. (Id. at 2–3). Finally, Mr. Hubbuch argues that Judge Chen's decision to stay the EDNY Action "says nothing about Funding Metrics" and that Funding Metrics has neither appeared in this action nor the EDNY Action. (Id. at 3). Mr. Hubbuch requests that the Court deny Defendants' Request, "lift the abeyances on all non-party subpoenas,"

2

(Dkt. Nos. 134; 152; 156; 158; 160),[2] and "direct[] that all party and non-party discovery proceed fully unless and until a Rule 25 motion is filed and granted." (Dkt. No. 162 at 3).

District courts have inherent power to stay proceedings pending the resolution of parallel or related actions in other courts. See Dietz v. Bouldin, 579 U.S. 40, 47 (2016). In addition, "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." O'Sullivan v. Deutsche Bank AG, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018).[3] Defendants bear the burden of showing that good cause for a stay exists. See Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 19 Civ. 6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020).

Here, for substantially similar reasons to Judge Chen's order in the EDNY Action, (see Dkt. No. 161 at 5–6), Defendants have met their burden of showing that a brief stay is warranted. First, the interests of judicial economy and fairness warrant awaiting confirmation from the State Court as to the identity of the proper parties who have standing to pursue the claims in this action. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (explaining that standing doctrine "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."). Given the prompt attention the State Court has given to the proceedings before it, any pause in this action is likely to be relatively brief. (See Dkt. No. 161 at 7–10). Second, during any stay, the obligation of parties — and non-parties who have received subpoenas from Mr. Hubbuch (see Dkt. Nos. 134; 152; 158) — to preserve relevant evidence is

---

[2] Given the uncertainty arising from the State Court Action, the Court held all motions relating to Mr. Hubbuch's subpoenas to non-parties (Dkt. Nos. 134 (the "Baker Motion"); 152 (the "Landau Motion to Quash"); 158 (the "Tabak Motion to Quash")) in abeyance. (Dkt. Nos. 156; 160).
[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

ongoing, and the Court has various mechanisms at its disposal should there be viable evidence of non-compliance.  See Orbit One Commcn's, Inc. v. Numerex Corp., 271 F.R.D. 429, 436 (S.D.N.Y. 2010) (discussing when obligation to preserve evidence arises and sanctions for spoliation); Fed. R. Civ. P. 37(b).  Accordingly, the Court does not perceive any undue prejudice that will result from a stay while the proceedings in the State Court proceed.

Accordingly, this action is **STAYED** pending resolution of the OTSC and related appeals in State Court adjudicating Mr. Hubbuch's rights to assert his claims in this action.  The Baker Motion, Landau Motion to Quash, and Tabak Motion to Quash are administratively terminated, subject to reopening if and when the stay is lifted.  All parties and non-parties must continue to preserve relevant evidence during the stay.  The parties shall file a joint status report by **June 1, 2026 at 5:00 p.m. ET** and **every 30 days thereafter**, until this Court orders otherwise.

The Clerk of the Court is respectfully directed to mark this action as **STAYED** and to close Dkt. Nos. 134, 140, 152, 158, and 161.

Dated:    New York, New York
          May 4, 2026

SO ORDERED.

SARAH L. CAVE
**United States Magistrate Judge**

4