EDWARD B. HUBBUCH

394 LINCOLN PLACE, APT. A5
BROOKLYN, N.Y. 11238
(646) 544-7597
bhubbuch@gmail.com

**ALL COUNSEL VIA ECF**

**LETTER-MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (*Dkt. 179*)**

September 2, 2026

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

**Re: *Hubbuch v. Kohn, et al.*, No. 25-CV-4924-JMF-SLC**

Dear Judge Furman:

Plaintiff Edward B. Hubbuch, proceeding *pro se*, respectfully submits this Letter-Motion requesting that the Court strike Defendants' Motion for Summary Judgment (*Dkt. 179*) as procedurally improper and filed in direct violation of the Court's August 18, 2026 Order (*Dkt. 177*). In the alternative, Plaintiff requests that the October 2, 2026 briefing deadline be stayed pending the resolution of this procedural defect.

## I. THE MOTION VIOLATES THE COURT'S AUGUST 18 ORDER

On August 13, 2026, Defendants' counsel specifically requested leave *"to file a formal motion to dismiss this action."* (*Dkt. 176* **at 1-2**.) On August 18, 2026, this Court granted that exact request, ordering that *"Defendants are granted leave to file a motion to dismiss this action."* (*Dkt. 177*.)

Despite having requested and received specific leave for a Rule 12 motion to dismiss, Defendants instead filed a Rule 56 motion for summary judgment on September 2, 2026. (*Dkt. 179*.) They did not seek leave to file an MSJ. They did not request conversion. They simply ignored the Court's order and filed the wrong motion.

This is not a harmless technicality. Rule 12(b)(6) motions are limited to the pleadings. Rule 56 motions require discovery. By filing an unauthorized motion for summary judgment, Defendants are attempting to bypass the strict pleading standards of Rule 12 and force unexamined, extrinsic evidence onto the docket.

## II. THE MOTION VIOLATES THE LAW OF THE CASE (*Dkt. 92*)

Defendants' maneuver flagrantly disregards the procedural baseline this Court has already established. On December 16, 2025, this Court denied Plaintiff's own motion for partial summary judgment, holding that *"summary judgment motion practice is generally not appropriate before discovery has taken place."* (*Dkt. 92*.) In denying Plaintiff's motion, the Court relied on binding precedent:

> **"*See Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 165 (S.D.N.Y. 2006) ('[S]ummary judgment is inappropriate before the parties have had an opportunity for discovery.'); *Gyecsek v. J.P. Hogan Coring & Sawing, Corp.*, No. 18-CV-1023 (PAC), 2019 WL 1059998, at *3 (S.D.N.Y. Mar. 6, 2019) ('It is premature to consider a motion for summary judgment at this time without the benefit of discovery.')"**

Fact discovery in this action has still not concluded. The docket was frozen by a stay on May 4, 2026 — four days before the scheduled discovery cutoff. Key depositions (including those of Yoel Kohn, Wolfe Landau, Chaskel Landau, and Meir D. Tabak) remain outstanding, as do two third-party information subpoenas (TransUnion LLC and Baker Donelson). Defendants are now asking this Court to do precisely what it already ruled it would *not* do: decide a summary judgment motion before discovery is complete. Holding Plaintiff to a different procedural standard than the one applied to him in December would be prejudicial.

## III. THE MOTION BYPASSES THE MAGISTRATE'S RULE 25 DIRECTIVE

Defendants are attempting to use a Rule 56 motion to enforce a settlement with an adversarial non-party (Funding Metrics LLC) that has never formally appeared in this action. During the April 14, 2026 discovery conference, Magistrate Judge Cave explicitly stated that if Funding Metrics LLC intended to assert control over these claims, it would have to appear and file a formal motion for substitution under FRCP 25(c).

Funding Metrics LLC has never appeared, nor has it filed a Rule 25(c) motion. Strikingly, Defendants' unexamined July 30, 2026 "Settlement Agreement" acknowledges this exact vulnerability: it contains an express "escape hatch" provision granting Defendants the option of a refund if Rule 25 substitution is required or if the Court refuses to recognize the state order. By attempting to summarily end this case based on a highly conditional contract with a non-party, Defendants are actively circumventing Magistrate Judge Cave's directive and the formal substitution requirements of Rule 25(c). Plaintiff remains the sole plaintiff of record, making this motion procedurally defective.

## IV. THE MOTION IS PREMATURE UNDER FRCP 56(D)

Defendants' motion relies entirely on the purported "Settlement Agreement" with adversarial non-party Funding Metrics LLC. Because fact discovery was stayed when this document was executed, Plaintiff has had zero discovery into the agreement's creation.

Furthermore, the document is heavily disputed and expressly conditional. Paragraph 4 of the Settlement Agreement provides that if this Court refuses to recognize the validity of the state court Turnover Order or the settlement itself, Defendants *"shall be entitled to a refund of that portion of the Settlement Amount."* Plaintiff requires discovery to explore the collusive nature of this arrangement, including communications between Defendants and non-party Funding Metrics LLC and particularly its counsel, Christopher R. Murray. If Defendants' motion is not struck, Plaintiff will be forced to submit a formal FRCP 56(d) declaration detailing this outstanding discovery — creating an unnecessary procedural burden on the Court's docket that would have been entirely avoided had Defendants adhered to the August 18 directive that they themselves specifically sought in *Dkt. 176*.

## V. THE TIMING CONSTITUTES A PROCEDURAL AMBUSH

Even setting aside the direct violation of the Court's Order, the timing of Defendants' unauthorized filing is highly prejudicial. The August 18 Order gave Defendants until September 2, 2026, to file a motion to dismiss. Defendants waited until the final hours of that deadline to spring an unapproved, un-conferenced Rule 56 motion on Plaintiff.

Defending against a Rule 56 motion imposes vastly different procedural burdens than a Rule 12 motion, including the necessity of drafting a Local Rule 56.1 Counter-Statement and preparing FRCP 56(d) evidentiary declarations. By unilaterally changing the nature of the motion at the deadline, Defendants executed a procedural ambush designed to leave Plaintiff with minimal time to respond and no opportunity to seek the discovery required to defeat their extrinsic evidence. This type of bad-faith gamesmanship should not be rewarded.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **STRIKE** Defendants' Motion for Summary Judgment (*Dkt. 179*) and its accompanying filings;

2. **ORDER** Defendants to file a proper Rule 12 Motion to Dismiss as explicitly authorized by the August 18 Order; *or*

3. In the alternative, **STAY** the October 2 briefing schedule pending the resolution of this Letter-Motion.

Plaintiff respectfully requests expedited consideration given that the October 2, 2026 briefing deadline is approaching and Defendants' unauthorized motion is currently pending.

Respectfully submitted,

/s/***Edward B. Hubbuch***

Edward B. Hubbuch
Plaintiff, *pro se*

Application DENIED. To the extent that Plaintiff believes that there are facts essential to justify his opposition that are not available to him, he may indeed file a declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to terminate ECF No. 180.

SO ORDERED.

September 2, 2026