EDWARD B. HUBBUCH

394 LINCOLN PLACE, APT. A5
BROOKLYN, N.Y. 11238
(646) 544-7597
bhubbuch@gmail.com

**ALL COUNSEL VIA ECF**

**LETTER-MOTION SUBMITTING PLAINTIFF'S FED. R. CIV. P. 56(d) DECLARATION**

September 3, 2026

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

**Re: *Hubbuch v. Kohn, et al.*, No. 25-CV-4924-JMF-SLC**

Dear Judge Furman:

Pursuant to the Court's September 2, 2026 Order (*Dkt. 181*), Plaintiff Edward B. Hubbuch, proceeding *pro se*, respectfully submits the attached Declaration pursuant to Federal Rule of Civil Procedure 56(d) in response to Defendants' Motion for Summary Judgment (*Dkt. 179*).

As detailed in the attached Declaration, Defendants bypassed the Court's authorization for a Rule 12 motion to dismiss and instead filed a Rule 56 motion relying entirely on a purported July 30, 2026 "Settlement Agreement." This unpleaded, extrinsic contract was executed with a non-party while fact discovery in this action was formally stayed.

Because this "Settlement Agreement" is heavily disputed, contains express refund and indemnification contingencies designed to evade Fed. R. Civ. P. 25(c), and was drafted entirely outside the view of the federal docket, Plaintiff cannot present facts essential to justify an opposition without the opportunity to conduct targeted discovery.

Specifically, Plaintiff requires discovery into the metadata, drafting, and transactional communications surrounding this settlement to demonstrate that it is a collusive, conditional contrivance rather than a final resolution that strips Article III standing.

Accordingly, Plaintiff respectfully requests that the Court:

1. **DEFER** consideration of Defendants' Motion for Summary Judgment pending completion of necessary discovery;

2. **AUTHORIZE** Plaintiff to issue the targeted document requests, interrogatories, and third-party subpoenas detailed in **Section V** of the attached Declaration; *and*

3. **EXTEND** the current October 2, 2026 briefing schedule to allow Plaintiff to respond to the motion after the authorized discovery is completed.

In the alternative, should the Court decline to authorize this necessary discovery, Plaintiff respectfully requests that the Court exercise its authority under Rule 56(d)(1) to **DENY** Defendants' Motion for Summary Judgment as premature, and **ORDER** Defendants to file a proper Rule 12 motion as originally authorized on August 18.

Respectfully submitted,
/s/***Edward B. Hubbuch***
Edward B. Hubbuch
Plaintiff, *pro se*

**Enclosure:** Declaration of Edward B. Hubbuch Pursuant to Fed. R. Civ. P. 56(d)

The Court already denied Plaintiff's motion to strike Defendants' motion for summary judgment on the ground that it was filed in violation of the August 18, 2026 Order and will not revisit that request. As for Plaintiff's request for discovery (here and in the Rule 56(d) declaration), the Court will consider it when deciding the motion for summary judgment. In other words, Plaintiff should file any opposition to the motion for summary judgment by the October 2, 2026 deadline and include in his opposition argument on why the discovery he seeks here (and in the declaration) is essential. If the Court agrees, it may defer ruling on the motion or deny it without prejudice and allow for discovery.

The Clerk of Court is directed to terminate ECF No. 182.

SO ORDERED.

September 3, 2026